23 F.3d 394
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
MASSACHUSETTS LABORERS' DISTRICT COUNCIL, Plaintiff, Appellant,
v.
LABOR RELATIONS DIVISION OF CONSTRUCTION INDUSTRIES OF
MASSACHUSETTS, INC., ET AL., Defendants, Appellees.
 No. 93-1565
 United States Court of Appeals,
First Circuit.
 April 29, 1994.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Robert E. Keeton, U.S. District Judge ]
 Paul F. Kelly with whom Shelley B. Kroll and Segal, Roitman & Coleman were on brief for appellant.
 John D. O'Reilly, III with whom O'Reilly & Grosso was on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Cyr, Circuit Judge, Bownes, Senior Circuit Judge, and Stahl, Circuit Judge.
 Per Curiam.
 
 
 1
 Plaintiff-appellant, Massachusetts Laborers' District Council (Laborers), and defendant- appellee, Labor Relations Division of Construction Industries of Massachusetts (CIM), a contractor trade association, are parties to a collective bargaining agreement containing a provision to arbitrate unresolved grievances. Cardi Corporation (Cardi), a general contractor and a member of (CIM), was a signatory to that agreement. Plaintiff claims that Cardi violated the agreement in two separate instances, on one occasion by subcontracting work to a subcontractor who used members of the Ironworkers' Union to perform work that Laborers felt belonged to its members, and then by assigning work on another of its jobs to members of the Carpenters' Union rather than to members of the local Laborers affiliate.
 
 
 2
 After the disputes remained unresolved, Laborers sought a court order requiring that the two disputes be arbitrated in accordance with the bilateral arbitration clause contained in the Collective Bargaining Agreement. Ultimately, the district court ordered the disputing parties to engage in tripartite arbitration with regard to each of the separate work-related disputes. That order was complied with, and eventually one of the disputes was dropped and the other settled during arbitration proceedings.
 
 
 3
 After notifying the court of the resolution of these disputes, Laborers, in essence, continued to contend that the court had erred when it ordered tripartite arbitration. Notwithstanding that contention, the district court, on being advised of the dispositions of the underlying disputes, dismissed the action as moot. Laborers took a timely appeal from that dismissal. We affirm.
 
 
 4
 A federal court's jurisdiction to determine disputes is limited by the strictures of Article III of the Constitution to the resolution of "real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive nature, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990) (citations omitted). Thus, as we said in another case involving the "case or controversy" requirement:
 
 
 5
 the only issue is whether there is now an actual "case or controversy" within the meaning of Article III of the Constitution, or whether, as the district court held, the case is moot and thus no longer justiciable. See Sosna v. Iowa, 419 U.S. 393, 397-403 (1975). Where declaratory relief is sought, plaintiff must show that there is a substantial controversy over present rights of "sufficient immediacy and reality" requiring adjudication. Preiser v. Newkirk, 422 U.S. 395, 402 (1975); Aetna Life Ins. Co. v. Howorth, 300 U.S. 227, 242 (1937). "[W]hen the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome,' the case is moot. County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)).
 
 
 6
 Boston Teachers Union v. Edgar, 787 F.2d 12, 15-16 (1st Cir. 1986). We agree with the district court that this case is moot.
 
 
 7
 It is beyond question that no current dispute exists between the parties with regard to work assignment or subcontracting practices. The original disputes respecting Cardi's assignment and subcontracting of work vis-a-vis all three unions have been resolved. Thus, once the district court was advised of the resolution of the underlying disputes, the order of dismissal was appropriate because the only relief plaintiff had sought, an order compelling arbitration, was no longer a live issue.
 
 
 8
 With the settlement of the underlying disputes, there remained no further justiciable case or controversy. Although the parties to this litigation may still disagree about the proper allocation of the disputed work or, for that matter, whether the district court should have joined all three disputing unions and ordered tripartite arbitration, once that order issued, and the parties acted on it and resolved their differences, there remained nothing for the district court to resolve.
 
 
 9
 The particular disputes which animated this case will not occur again although, of course, future disputes involving other work issues may arise between employer and union. The resolution of those disputes will have to await their occurrence.[1]
 
 
 10
 For the foregoing reasons, the order is affirmed.
 
 
 
 [1]
 Plaintiff contends for the first time in its reply brief that because this dispute is capable of repetition and incapable of review, we must now decide whether the district court exceeded its authority when it ordered tripartite arbitration. The short answer to this plaint is that issues raised for the first time in a reply brief are deemed waived. Vanhaaren v. State Farm Mutual Auto Ins. Co., 989 F.2d 1, 7 n. 6 (1st Cir. 1993); Frazier v. Bailey, 957 F.2d 920, 932 n. 14 (1st Cir. 1992)